Mr. Justice STRONG
 

 delivered the opinion of the court.
 

 The question is whether, by the act of Congress under consideration, the assessor and his assistant, in estimating the true producing capacity of a distillery, are empowered to fix, as the true fermenting period, any other than that which the distiller in his notice to the assessor, required by the sixth- section, has declared he-would use for fermentation, and which he actually did use.
 

 That the producing capacity of a distillery is conclusively determined by the survey and estimate made under the tenth section of the act (that survey, however, being subject to revision by the Commissioner of Internal.Revenue), was ruled in
 
 Collector
 
 v.
 
 Beggs.
 

 *
 

 In that case we said “ the survey and estimate- of producing capacity made under the tenth section were conclusive while they remained, though subject to revision under the direction of the Commissioner of Internal Revenue. And the extent of liability to taxation was, by the act of Congress, directed to be measured, not by the actual product of spirits, but by what should have been the product of the materials used.according to the estimate made under the tenth section.” And this is very plainly the intention of the law, for by that section, the only one which expressly provides for the ascertainment, of the producing capacitj-, it was made the duty of the assessor, with the aid of some competent and skilful person to be designated by the Commissioner of Internal Revenue, to make survey of. each distillery registered, or intended to be . registered, for the production of spirits in his district, not only to estimate, but to
 
 determine
 
 its producing capacity. Of this estimate and determination the assessor and his assistant .are required to make a written report in triplicate, signed by them, one original of which is to be furnished to the distiller, one retained by the assessor, and the third is to be
 
 *198
 
 transmitted to the Commissioner of Internal Revenue.. It is also provided that if the commissioner shall at any time be satisfied that such report of the capacity of a distillery is in any respect incorrect, or needs revision, he may direct the assessor to make another survey. Thus a measure of taxation is fixed, and the distiller is notified of it before he commences distilling. All this leaves no doubt that the reported survey was intended by Congress to be conclusive until corrected by direction of the commissioner.
 

 But while this is not denied by the plaintiffs in error as a general proposition, it is insisted that in estimating and determining the producing capacity of the distillery, the assessor'must be controlled by the notice which the distiller .is required to give'him by the sixth section of the act, and must base his calculations.upon the period of fermentation fixed-in that notice. It is said he has no power to adopt any other period of fermentation, even- though ordered to do so by the commissioner, and, if he does, that his estimate and determination are not conclusive.. In this objection we cannot concur. .It is founded, we think, upon a misapprehension of the statute. The sixth section requires every person engaged in, or intending to be engaged in, the business of,a .distiller, or rectifier, to give notice in writing to the assessor of the district within which he proposes to carry on the business, stating therein his name, his associates, if any, and his proposed place of business. If he be a distiller, he is. required to state in his notice the kind of stills and the cubic contents thereof, the number and kind of boilers, the number of mash-tubs and fermentiug-tubs, and the cubic contents of each tub; the number of receiving cisterns and the cubic contents of each cistern, together with a particular description of the lot or tract .of land on which the distillery is situated, with the size and .description of the buildings thereon, and of what material constructed. The distiller is also required to -state in his notice the number of hours in which he will ferment each tub of mash or beer, and the estimated quantity "of distilled spirits which the apparatus is capable of distilling every twenty-four hours.-
 

 
 *199
 
 The object of these requirements is too plain to be misunderstood. Clearly it is not to euable the distiller to determine for himself the producing capacity of his distillery, and thereby partially fix the extent of his liability totaxation. It is to furnish protection against frauds, and possibly to assist in the ascertainment of the quantity of spirits actually distilled. -If intended at all to bear upon the estimate of the producing capacity of'the distillery, it can only be regarded as suggestive, not as controlling. It is after this notice has been given that the assessor and his skilled assistant aré required, as by the tenth sectiou of the act, to make an estimate and determination of the' producing capacity. They are no more required' to take the fermenting period designated in the notice- as the true fermenting period thau they are controlled by the distiller’s statement of the number and cubical contents of the stills, mash-tubs, and cisterns he intends to use, or by his estimate of the capability of his apparatus. They -are required to calculate- and report what the distillery can produce, not what the distiller proposes to produce, or what the apparatus would produce, if employed in a particular manner. To enable them to discharges this duty the provisions of the ninth section were enacted. That section requires the distiller to furnish to the assessor an accurate plan of the distillery and distilling apparatus, showing the location and mode of construction of the apparatus and the cubical contents of each vessel. Undoubtedly the main elements necessary for a determination of the producing capacity are the size of the stills, mash-tubs, and cisterns, and the duration of the fermenting period. There is unquestionably, in the nature of things, a true fermenting period, dependent on the operation of natural processes, a period which -may be variant from that selected by a distiller. This period may vary somewhat in different latitudes, but it is everywhere ascertainable, and the commissioner, we think, is authorized by the second section of the act to prescribe regulations for ascertaining it. By that sectiou he is authorized to' adopt and prescribe for use such hydrometers, saccharometers, weighing and gauging instruments,
 
 *200
 
 meters,' or other means for ascertaining the quantity, gravity, and productive capacity of any mash, wort,.or beer used or to be used in the production of distilled spirits, as he may deem necessary. This is inconsistent with the idea that the notice of the distiller is to determine the producing capacity. And though in his notice he is required to state the time' in which he will ferment his mash, and also an estimate of the quantity of distilled spirits which the apparatus is capable of distilling every twenty-four hours, that is his estimate. Nowhere in the act is any provision made that his statement and estimate shall be obligatory upon the assessor and his skilled assistant. Nor is there to be found’in the act any rule by which the producing capacity of a distillery is to be determined, except that the commissioner of internal revenue is, by the'second and one hundred and third sections, empowered to make necessary regulations. '■ The declaration shows that such regulations were made, and they were followed by the assessor. The survey was made accordingly. If instead of following the instructions given by the commissioner, the assessor must adopt a period for fermentation given to him by the distiller — a period which may, or may not, be a true one.; that is, the period- within which complete fermentation takes place — it is obvious there can be no certainty in the ascertainment and determination of the actual producing, capacity of the distillery, and the object which the law has in view wiU be defeated. At most, all the assessor and his assistant can do will be to ascertain the actual product. The possible product cannot be ascertained; yet, as we have had occasion to say heretofore, when giving a construction to this act of Congress, both the producing capacity and the quantity of -spirits actually produced are made by the law measures of taxation, and provision is made for the determination of each.
 
 *
 

 But without pursuing the subject farther, we have said sufficient to show that in our opinion the notice given by the distiller of the time he will ferment each tub of mash or beer does not control the survey. The assessor must deter
 
 *201
 
 mine and report the true actual capacity, and not what the distillery will produce in the distiller’s proposed mode of running it. There is, therefore, no well-founded objection' to the conclusiveness of the survey in this ease, and as the tax assessed and collected was in accordance with the survey, the plaintiffs have no right-of action to recover it back.
 

 Nor is there any such hardship as is suggested. We have seen that a report of the surveyor’s determination of producing capacity is by the law- required to be placed in the hands of the distiller before he commences business. If dissatisfied with it, he may apply to the commissioner for another survey. He is thus informed of the extent of his liability to taxation. He has, therefore, little reason to complain,when he commences distilling, and does not'produce at least eighty pericent. of what his distillery can produce, as determined by the survey, if he is taxed according to a standard which is not false, and of which he had thus early notice.
 

 T Judgment affirmed.
 

 *
 

 17 Wallace, 182.
 

 *
 

 United States
 
 v.
 
 Singer, 15 Wallace, 111.